IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID SWERTFEGER,

                      Plaintiff,

v.

JEFFREY NICKSIC,

                      Defendant.

OPINION and ORDER

19-cv-751-jdp

---

Plaintiff David Swertfeger, appearing pro se, is currently a prisoner at the Juneau County Jail. Swertfeger alleges that when he was incarcerated at the La Crosse County Jail, defendant officer Jeffrey Nicksic broke his collarbone and ribs by shoving him into a wall. Nicksic has filed a motion for summary judgment based on Swertfeger's failure to exhaust his administrative remedies on his excessive force claim. Nicksic has also filed a motion to amend the schedule.

I will deny Nicksic's exhaustion-based summary judgment motion: Swertfeger says that he was incapacitated from his injuries following the excessive force, and Nicksic doesn't carry his burden of showing that administrative remedies were otherwise available to Swertfeger. I will grant Nicksic's motion to amend the schedule.

**A. Exhaustion**

The Prison Litigation Reform Act requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d

714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. The purpose of these requirements is to give jail administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Swertfeger alleges that defendant Nicksic used excessive force against him on July 1, 2019. In his brief-in-chief, Nicksic says that Swertfeger didn't file a grievance about that incident. Nicksic also says that Swertfeger was aware of the grievance procedures: he had been incarcerated at the jail more than 30 times before the stint at issue here, and that at intake, inmates are told that prison procedures are posted in the housing area and that they are available on electronic kiosks in the housing units.  The jail's grievance rules say that an inmate should attempt to informally resolve a dispute first before filing a grievance, that an inmate must file a grievance within seven days of the incident at issue, and that the inmate can request a grievance form from staff.

In his response, Swertfeger concedes that he didn't file a grievance; he says that although he had been booked at the jail numerous times, he never filed a grievance and he was unaware of the procedures for doing so. He also says that before the incident, he was housed in a receiving cell that did not contain a kiosk and did not have prison rules otherwise available, and that following the incident he was paced in a "padded cell," then sent to the hospital with

"significant" injuries (a broken collarbone, broken ribs, and a shoulder injury) from Nicksic's alleged excessive force, and upon return to the jail he was moved between a padded cell and a medical cell until his July 6 release, all without a kiosk or jail procedures otherwise provided.

Nicksic says that Swertfeger is incorrect about his grievance history, saying that Swertfeger had filed three grievances in previous stints at the jail in 2017 and 2018. Swertfeger says that those grievances were about issues different from excessive force, and that staff had instructed him to file grievances when he complained about those problems. He also says that he wasn't provided with a pencil, paper, or grievance forms after the incident, and that his left shoulder (he is left-handed) was severely injured by Nicksic so he wouldn't have been able to fill out a grievance form anyway.

I'll reject Swertfeger's argument that the grievance procedure was unavailable to him because he was not informed of the policies. That's not a reasonable inference from the undisputed facts that he had been incarcerated at the jail dozens of times, the policies were posted in the housing areas and kiosks, he had used the kiosk hundreds of times, and he had filed three previous grievances. Rather, the only reasonable inference from the parties' filings is that Swertfeger knew that he could ask jail staff for a grievance form.

But Swertfeger's other line of argument has more merit. He says that he was physically incapacitated immediately after the incident and would not have been able to file a grievance within the seven-day deadline. Administrative remedies are not "available" to an inmate under § 1997e(a) if the inmate is physically unable to pursue them. *Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011).

Nicksic responds to the incapacitation argument by saying that staff would have extended the seven-day deadline. He initially supported this statement with two declarations

3

from Captain Jim Verse. Dkt. 20 and Dkt. 24. But Verse didn't say that explicit jail policies allow for an extension of time. Courts may not hold plaintiffs to exhaustion procedures they aren't aware of. *Lanaghan v. Koch*, 902 F.3d 683, 689 (7th Cir. 2018) ("A secret grievance procedure is no procedure at all, at least absent some evidence that the inmate was aware of that procedure.").

The court directed the parties to supplement their briefing with evidence supporting their arguments: Swertfeger was directed to submit evidence in support of his statement that he was unable to fill out a grievance form because of his shoulder injury, and Nicksic was directed to submit a copy of the jail exhaustion policy in support of his argument that Swertfeger would have been allowed an extension of the grievance deadline for physical incapacitation. Dkt. 39.

Swertfeger's response doesn't address his physical incapacitation. He submits a copy of the conduct report issued against him for the July 1, 2019 incident, and he notes that the report doesn't say anything about excessive force or his injuries. Dkt. 42. I take him to be saying that the lack of that information shows that jail staff tried to cover up his injuries. But that isn't a relevant issue when considering Swertfeger's exhaustion of administrative remedies.

Nonetheless, there is an account of Swertfeger's injuries on the record: he sent the court a copy of his responses to Nicksic's interrogatories and request for production of documents, in which he states that he suffered three broken ribs, a broken collarbone, and "a separation of a bone in [his] shoulder," all on his left side. Dkt. 37, at 1. Swertfeger didn't swear to the accuracy of those interrogatory responses under oath, as he is required to under Federal Rule of Civil Procedure 33. But there's no reason to go through yet another round of submissions

for Swertfeger to amend his response. It's clear that Swertfeger is representing to the court that he was physically incapacitated by his July 1 injuries.

In response, Nicksic argues that Swertfeger wasn't actually incapacitated. He notes that Swertfeger was able to sign his July 3 conduct report form, a July 5 property receipt form and a July 11 jail intake form, *see* Dkt. 42-1 and Dkt. 44-4, that indeed show markings on the signature line of those documents. But that is scant evidence that Swertfeger would have been able to legibly write out a grievance form while injured and in severe pain. Nicksic also submits an August 27, 2019 grievance filled out by Swertfeger that is legible. But that document was completed about seven weeks after Swertfeger's deadline to submit his grievance for the July 1 incident, so it isn't probative of Swertfeger's capabilities in early July. I conclude that Nicksic fails to submit evidence reasonably disputing Swertfeger's statements about incapacitation.

Nicksic also argues that even had Swertfeger been incapacitated, officers could have assisted him with the form or he could have asked for an extension of the deadline and it would have been granted. Nicksic has now provided a copy of the jail's grievance policies, Dkt. 44-1 and 44-2, but those documents do not support his argument. Nowhere in the policies do they explain that officers can help inmates fill out the form or that inmates can receive an extension of filing deadlines for incapacitation or any other reason. Under *Lanaghan*, Swertfeger can't be required to follow grievance procedures that he hasn't been made aware of. So I'll deny Nicksic's motion for summary judgment.

B. Motion to amend the schedule

Nicksic has filed a motion to amend the schedule given Swertfeger's refusal to authorize the release of his medical records from various providers and other records from the Department of Corrections. Dkt. 33. Swertfeger has refused to sign authorizations, saying that

5

Nicksic seeks information outside the scope of this lawsuit. Swertfeger is correct in at least one respect: Gundersen Health Systems has told Nicksic that it won't respond to authorizations limited to specific body parts or specific injuries. I'll grant Nicksic's motion and address the medical authorization issue as follows.

Nicksic doesn't explicitly ask the court to compel Swertfeger to release those records. If Nicksic had, I would deny the motion as it pertained to his medical records because this court won't force a plaintiff to turn over medical information; if Swertfeger would rather maintain the privacy of his medical information, he is free do so. But it would be unfair to Nicksic to defend against Swertfeger's claims without this information. Swertfeger's ultimate choice is either to share the relevant information with Nicksic or have the case dismissed.

Swertfeger may have until March 23, 2021, to provide Nicksic with signed medical releases. Nicksic's proposed releases must be limited to information relevant to Swertfeger's claims, with the exception of the release for Gundersen Health Systems, which has stated that it won't respond to that type of release. The court will issue a protective order to address the Gundersen records. Nicksic may have until March 23 to submit to the court a draft protective order limiting his disclosure of the Gundersen records to those relevant to the claims in this lawsuit.

The schedule is further amended as follows:

Swertfeger's expert-disclosure deadline: April 21, 2021

Nicksic's expert-disclosure deadline: May 21, 2021

Dispositive motions deadline: May 28, 2021

Discovery cutoff: August 13, 2021

Final pretrial submissions and disclosures: August 20, 2021

Pretrial submission responses: September 3, 2021

Final pretrial conference: September 16, 2021, at 2:00 p.m.

Trial: September 27, 2021, at 9:00 a.m.

ORDER

IT IS ORDERED that:

1. Defendant Jeffrey Nicksic's motion for summary judgment on exhaustion grounds, Dkt. 18, is DENIED.

2. Defendant's motion to amend the schedule, Dkt. 33, is GRANTED. The schedule is amended as reflected in the opinion above.

Entered March 3, 2021.

                                      BY THE COURT:

                                      /s/

                                      _____

                                      JAMES D. PETERSON
                                      District Judge